**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

*Candice Craig*

*Candice Craig*

**name of plaintiff(s)**

2015 DEC -2  PM 4: 30

SIGN ___LLH___
BY DEPUTY CLERK

**CIVIL ACTION**

versus

NO._____ )

*Our Lady of The Lady Regional
Medical Center and 21 other Defendants—See attached Listing*

**name of defendant(s)**

**COMPLAINT**

1.   State the grounds for filing this case in Federal Court (include federal statutes and/or
     U. S. Constitutional provisions, if you know them):

     *Civil Rights Violations, Unlawful Detainment*

2.   Plaintiff, *Candice Craig*                    resides at

     *237 W. 74th St, Suite 83   New York*        ,
     **street address**                              **city**

     *New York*   , *NY* , *10023* , *225-615-4263*
     **parish**        **state**    **zip code**   **telephone number**

     (if more than one plaintiff, provide the same information for each plaintiff below)

3.   Defendant, *Our Lady of The Lake Regional Medical Center and 21*    lives at, or
                                                                          *other defendants,*
     its business is located at *17777 Hennessy Blvd*                     *See attached for*
                                **street address** *(Business Address)*   *listing*

     *Baton Rouge*      , *East Baton Rouge* , *LA*
     **city**              **parish**               **state**

     *70808* , _____
     **zip code**   **telephone number**

     *Note: LA Secretary of State has this name trademarked
     with Our Lady of the Lake Hospital, Inc listed. The
     associated domicile is 5000 Hennessy Blvd.
     Baton Rouge, LA 70808*

(if more than one defendant, provide the same information for each defendant below)

*See attached listing for other 21 defendants*

4.    **Statement of claim** ( State as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Be as specific as possible.  You may use additional paper if necessary):

*See attached listing of facts*

5.    **Prayers for Relief** (list what you want the Court to do):

a.    *See attached listing for Prayers for Relief*

b.

c.

d.

I (we) hereby certify under penalty of perjury that the above petition is true to the best of my (our) information, knowledge, and belief.

Signed this _____ day of _____ , 20____

(signature of plaintiff (s))

Middle District Federal Court/ Baton Rouge, LA

Federal Civil Lawsuit Filed by Plaintiff Candice Craig on December 2, 2015

VS. DEFENDENTS (LISTED BELOW)

(1) Franciscan Health and Wellness Services, Inc

(2) Franciscan Missionaries of Our Lady of Health System Clinical Network, LLC

(3) Franciscan Missionaries of Our Lady Health System Holdings, Inc

(4) Our Lady of the Lake Hospital, Inc

(5)Our Lady of the Lake Physicians Group, LLC

(6) Franciscan Missionaries of Our Lady Health Systems Management Services, LLC

(7) Franciscan Missionaries of Our Lady Health System, Inc

(8) Franciscan Missionaries of Our Lady Health System Management Services—New Orleans East ,LLC

(9) Franciscan Missionaries of Our Lady Health System Inc

(10) Our Lady of the Lake Regional Medical Center

(11) Our Lady of the Lake Regional Medical Center (Trademark)
        Our Lady of the Lake Hospital, Inc

(12) Dr. William "Beau" Clark

(13)Dr. Melissa  Watson

(14) Dr. Warren Trask

(15) Dr. Sudheera Rachamallu

(16) East Baton Rouge Parish Coroner's Office

(18) Louisiana State University Health Sciences Center

(19) Louisiana State University System

(20) LSU-Our Lady of the Lake Psychology Residency Program
LSU-OLOL Psychiatry Residency Program

(21) Dr. Carine Nzodum

(22) Our Lady of the Lake Regional Medical Center

Middle District Federal Court/ Baton Rouge, LA

Federal Civil Suit Filing by Plaintiff Candice Craig

Summons to the following Defendents (w/ one notice going to EBR Parish Government Office as FYI)

(1) Franciscan Health and Wellness Services, Inc
ATTN: COUNSEL OF RECORD
4200 Essen Lane
Baton Rouge, LA 70809

(2) Franciscan Missionaries of Our Lady of Health System Clinical Network, LLC
ATTN: COUNSEL OF RECORD
4200 Essen Lane
Baton Rouge, LA 70809

(3) Franciscan Missionaries of Our Lady Health System Holdings, Inc
ATTN: COUNSEL OF RECORD
4200 Essen Lane
Baton Rouge, LA 70809

(4) Our Lady of the Lake Hospital, Inc
ATTN: COUNSEL OF RECORD
5000 Hennessy Blvd
Baton Rouge, LA 70808

(5)Our Lady of the Lake Physicians Group, LLC
5000 Hennessy Boulevard
Baton Rouge, LA 70808
C/O (Mailing Address):
K. Scott Wester
5000 Hennessy Blvd
Baton Rouge, LA 70808

(6) Franciscan Missionaries of Our Lady Health Systems Management Services, LLC
5000 Hennessy Boulevard
Baton Rouge, LA 70809
C/O  (Mailing Address):
4200 Essen Lane
Attn: Lisa Splitlog
Baton Rouge, LA 70809

(7) Franciscan Missionaries of Our Lady Health System, Inc
ATTN: COUNSEL OF RECORD
4200 Essen Lane
Baton Rouge, LA 70809

(8) Franciscan Missionaries of Our Lady Health System Management Services—New Orleans
East ,LLC
ATTN: COUNSEL OF RECORD
4200 Essen Lane
Baton Rouge, LA 70809

(9) Franciscan Missionaries of Our Lady Health System Inc
ATTN: COUNSEL OF RECORD
4200 Essen Lane
Baton Rouge, LA 70809

(10) Our Lady of the Lake Regional Medical Center
ATTN: COUNSEL OF RECORD
7777 Hennessy Blvd
Baton Rouge, LA 70808

(11) Our Lady of the Lake Regional Medical Center (Trademark)
       Our Lady of the Lake Hospital, Inc
ATTN: COUNSEL OF RECORD
5000 Hennessy Blvd
Baton Rouge, LA 70808

(12) Dr. William "Beau" Clark  (Business Address)
East Baton Rouge Parish Coroner
4030 T. B. Herndon Avenue
Baton Rouge, LA 70807

(13)Dr. Melissa  Watson  (Business Address)
7777 Hennessy Blvd, Suite 6000
Baton Rouge, LA 70808

(14) Dr. Warren Trask (Business Address)
7777 Hennessy Blvd, Suite 6000
Baton Rouge, LA 70808

(15) Dr. Sudheera Rachamallu (Business Address)
7777 Hennessy Blvd, Suite 6000
Baton Rouge, LA 70808

(16) East Baton Rouge Parish Coroner's Office
Attn: Stephanie, Courtney, Brittany (Administrative Coordinators)
4030 T. B. Herndon Avenue
Baton Rouge, LA 70807

(17) East Baton Rouge Parish Government

ATTN: Mayor-President Melvin 'Kip' Holden
P.O. Box 1471
Baton Rouge, LA 70821

(18) Louisiana State University Health Sciences Center
c/o LSU Health Sciences Center New Orleans Administration
Library, Administration and Resource Center
ATTN: ATTORNEY (COUNSEL) OF RECORD
433 Bolivar Street
New Orleans, LA 70112

(19) Louisiana State University System
c/o LSU Administration
ATTN: COUNSEL OF RECORD
3810 West Lakeshore Drive
Baton Rouge, LA 70808

(20) LSU-Our Lady of the Lake Psychology Residency Program
LSU-OLOL Psychiatry Residency Program
ATTN: COUNSEL OF RECORD
5246 Brittany Drive
Baton Rouge, LA 70808

(21) Dr. Carine Nzodum (Business Address)
LSU-Our Lady of the Lake Psychology Residency Program
LSU-OLOL Psychiatry Residency Program
5246 Brittany Drive
Baton Rouge, LA 70808

Middle District Federal Court/Baton Rouge, LA

Candice Craig Civil Suit Filing v. OLOL and other Defendents  (December 2, 2015)

FACTS

1. That C.C. was involuntarily hospitalized on November 12, 2014 at 6:30pm at the Our Lady of the Lake Regional Medical Center located in Baton Rouge, Louisiana.

2. That Our Lady of the Lake Regional Medical Center is a part of the Franciscan Missionaries of Our Lady Health System located in Baton Rouge, Louisiana  (both, in concert with the entities listed in #3, are herein collectively referred to as OLOL)

3. That Our Lady of the Lake Regional Medical Center, and/or the services it renders, and/or personnel it employs and/or sponsors, either in part, or in sum, fall under the helm of Franciscan Health and Wellness Services, Inc., and/or Franciscan Missionaries of Our Lady Health System Clinical Network, LLC, and/or Franciscan Missionaries of Our Lady Health System Holdings, Inc, and/or Franciscan Missionaries of Our Lady Health System Management Services, LLC,  and/or Franciscan Missionaries of Our Lady Health System, Inc., and/or Franciscan Missionaries of Our Lady Health System Management Services—New Orleans East, LLC.

4. That each of the aforementioned entities in #3 are domiciled in Baton Rouge, LA according to the Louisiana Secretary of State public "Business Filings" database located at the following URL: https://coraweb.sos.la.gov/CommercialSearch/CommercialSearch.aspx.    (Accessed 12/1/15).

5. That OLOL staff failed to adhere to hospital procedure when not providing C.C. a copy of the required "patient's rights handbook" upon involuntary admission to OLOL.  That said failure was a due process violation of C.C.'s guaranteed federal and state constitutional rights and damaged C.C.

6. That C.C. was examined by Dr. William "Beau" Clark, East Baton Rouge Parish Coroner, on November 14, 2014.

7. That the East Baton Rouge Parish Coroner's Office is located in Baton Rouge, LA.

8. That the Coroner's Emergency Certificate issued by Dr. Clark was void given his inadherence to LA Revised Statute 28:53.

9. That C.C. was legally entitled to discharge on November 15, 2014 at 6:31pm.

10. That Dr. William "Beau" Clark's disregard of LA statute and OLOL's negligence resulted in C.C.'s unlawful detainment. That said actions (and lack thereof) violated C.C.'s federal and state constitutional rights, resulted in other constitutional violations and lost wages, and damaged C.C. by ultimately subjecting C.C. to collateral consequences and social stigma—all of which have unduly burdened C.C. and caused her irrecoverable harm.

11. That OLOL unlawfully detained C.C. against her will from November 15, 2014 to December 5, 2014. That said action "falsely imprisoned" C.C. and violated C.C.'s federal and state constitutional rights. That said action also resulted in other federal and state constitutional violations and lost wages, and damaged C.C. by ultimately subjecting C.C. to collateral consequences and social stigma—all of which have unduly burdened C.C. and caused her irrecoverable harm.

12. That all judgments and orders issued subsequent to November 15, 2014 regarding C.C. were unconstitutional and void on their face. That said judgments and orders, which resulted from C.C.'s illegal confinement by OLOL, have damaged C.C. irrecoverably and are the epitome of justice miscarried.

13. That between November 12, 2014 and November 14, 2014, Dr. Warren Trask intimidated C.C. and threatened her with forced medication and civil commitment if she did not consent to OLOL staff contacting her family in spite of his acknowledgment that C.C. had a right to decline familial consent.

14. That said actions by Dr. Trask violated federal and state law created with the intent of protecting confined individuals from abuse of power. That Dr. Trask's actions violated fundamental rights protected by the U.S. Constitution.

15. That Dr. Warren Trask operated in the capacity of an OLOL employee during his meetings with C.C. and is also listed on the "Our Lady of the Lake Physician Group" website as an "Assistant Clinical Professor of Psychiatry with LSU Health Sciences Center and faculty in the LSU-OLOL psychiatry residency program."

16. That Our Lady of the Lake Physician Group, LLC and the LSU Health Sciences Center have formally established offices in Baton Rouge, LA.

17. That the LSU Health Sciences Center has an Administration office in New Orleans, LA.

18. That the LSU Health Sciences Center falls under the Louisiana State University System which is based in Baton Rouge, LA.

19. That Dr. Warren Trask's actions caused C.C. irrecoverable harm, and cemented the foundation of what inevitably became a repeated pattern of constitutional violation by OLOL during C.C.'s unlawful detainment.

20. That Dr. Melissa Watson was C.C.'s primary physician from November 12, 2014 to December 5, 2014.

21. That Dr. Watson operated in the capacity of an OLOL employee during her meetings with C.C. and also in the capacity of "teacher" for the instances where residents were present.

22. That Dr. Watson is listed on the "Our Lady of the Lake Physician Group" website as an "Assistant Clinical Professor of Psychiatry with LSU Health Sciences Center and faculty in the LSU-OLOL psychiatry residency program."

23. That, while unlawfully detained against her will, C.C. collected documentation that provided the collateral information Dr. Watson told her [C.C.] she [Dr. Watson] needed for discharge.

24. That Dr. Watson stonewalled C.C.'s attempts to be discharged through the irrecoverably damaging 22 day timeframe in which C.C. was illegally detained against her will.

25. That said actions by Dr. Watson violated federal and state law created with the intent of protecting confined individuals from abuse of power. That Dr. Watson's actions violated fundamental rights protected by the U.S. Constitution.

26. That Dr. Watson issued a directive to at least one staff that "this [C.C.] is going to court."

27. That Dr. Watson told C.C. directly that "there was nothing she could do" to prevent her [C.C.'s] matter from going to court.

28. That on November 21, 2014, Dr. Watson told C.C. that her (Dr. Watson's) "real problem" with C.C. was that C.C. declined familial contact.

29. That C.C.'s exercised a constitutionally protected right in declining OLOL contact with family.

30. That Dr. Carine Nzodum, one of Dr. Watson's residents, knowingly falsified C.C.'s at least one of medical records.

31. That Dr. Nzodum, a resident with the Louisiana State University (LSU) Health Sciences Center's "LSU-Our Lady of the Lake Psychology Residency Program," operated in the

capacity of an OLOL employee and LSU-Our Lady of the Lake Psychology (OLOL) Resident during her meetings with C.C.

32. That the LSU Health Sciences Center's "LSU-Our Lady of the Lake Psychology Residency Program" has a formally established presence in Baton Rouge, LA.

33. That Dr. Sudherra Rachamallu intentionally falsified C.C.'s medical records.

34. That Dr. Rachamallu operated in the capacity of an OLOL employee during her meetings with C.C. and is also listed on the "Our Lady of the Lake Physician Group" website as an "Assistant Clinical Professor of Psychiatry with LSU Health Services Center and faculty in the LSU-OLOL psychiatry residency program."

35. That the illegal actions of OLOL as a collective, the individuals actions of each of the aforementioned OLOL medical professionals, and the actions Dr. William "Beau" Clarke all either directly violated C.C.'s federal and state protected constitutional rights or resulted in said violations occurring.  That said egregious actions have unquestionably damaged C.C and caused C.C. irrecoverable harm.

Middle District Federal Court/ Baton Rouge, LA

Federal Civil Suit  (Plaintiff Candice Craig v. OLOL and Others) Filed December 2, 2015

*Prayers for Relief*

~~DAMAGES~~                    *Candice Craig* 12/2/15

Federal investigation into the practices and procedures that govern the intake and processing of OLOL's involuntarily hospitalized psychiatric patients so that adequate due process safeguards are established and implemented

Federal review of all current and prior involuntarily hospitalized and commitment patient files for all medical professionals (Doctors) listed as defendants, with expedited processing for those currently committed or involuntarily hospitalized.

Federal ruling on the constitutionality of LA Revised Statute 28:53 in light of the fact that it fails to require an independent review of the 2nd emergency certificate which extends a patient's detainment from 3 days to 15 days.

Federal ruling on the constitutionality of LA Revised Statute 28:54 in light of the fact that, as written, all petitions for judicial commitments are automatically granted with a subsequent (and narrow) probable cause review occurring following the scheduling of a judicial commitment hearing

Federal opinion on the minimal procedural safeguards necessary for an adequate probable cause review

Compensatory damages from OLOL (as the collective the "complaint facts" defined it as) awarded that, at minimum equal, $356,000,000 with 50,000,000 set aside for the awarding of damages to patients of OLOL doctors named, who like C.C., were irrecoverable harmed by the egregious violation of constitutional rights

Compensatory Damages awarded from Dr. William "Beau" Clark and the East Baton Rouge Parish Coroner's Office, that at minimum, equal $100,000,000