# EMERGENCY MOTION
# *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                No.    15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

## 5.18.16 AMENDED PETITION

Candice Craig Civil Suit Filing v. OLOL and other Defendants (December 2, 2015)

### FACTS

1. That the Plaintiff in this matter is hereafter referred to as C.C.

2. That the law(s) this civil action is brought under and violation(s) of the United States and Louisiana constitutions, laws, statutes, regulations, code, and policy that occurred, include but are not limited to the following:

   U.S. Constitution Amendments 1, 4, 5, 6, 8, 9, 13, 14; 19;
   LA Constitution Article 1, Sections 1, 2, 3, 5, 6, 7, 12, 13; 19, 20, 22, 24;
   United States 1983 claim
   LA Revised Statute 28, et al

3. That each individual and entity listed as a defendant this civil action is being sued both in his/her/its official capacity and individually.

4. That each individual and entity listed as a defendant in this civil action acted under the color of state and/or federal law.

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS           No.    15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

## 5.18.16 AMENDED PETITION

Candice Craig Civil Suit Filing v. OLOL and other Defendants (December 2, 2015)

### FACTS (continued)

5. That the named defendants willfully deprived and/or conspired to deprive C.C. of rights protected by the U.S. and Louisiana constitutions and/or laws of the United States and/or Louisiana.

6. That the involuntary hospitalization of C.C. which occurred on November 12, 2014 at the Our Lady of the Lake Regional Medical Center located in Baton Rouge, Louisiana was contrary to law and violated multiple rights afforded to C.C. under both the U.S. and Louisiana constitutions.

7. That Myra Fernando, was a doctor representing the Our Lady of the Lake Regional Medical Center and/or the Our Lady of the Lake Physician Group and/or the Franciscan Missionaries of Our Lady Health System, on November 12, 2014 that saw C.C. prior to the involuntary hospitalization that occurred which was contrary to law.

8. That Myra Fernando's signature and commentary are located on a "Physician's Emergency Certificate" used by the Our Lady of the Lake Regional Medical Center and/or the Our Lady of the Lake Physician Group and/or the Franciscan Missionaries of Our Lady Health

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                                                                                No.    15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**


## 5.18.16 AMENDED PETITION

Candice Craig Civil Suit Filing v. OLOL and other Defendants (December 2, 2015)

### FACTS (continued)

8   (contd) System to involuntarily hospitalize C.C. contrary to law which violated multiple rights afforded to C.C. under both the U.S. and Louisiana constitutions.

9. That Our Lady of the Lake Regional Medical Center is a part of the Franciscan Missionaries of Our Lady Health System located in Baton Rouge, Louisiana (both, in concert with the entities listed in line item (fact) #10 of this "5.18.16 Amended Petition," are hereafter collectively referred to as OLOL)

10. That Our Lady of the Lake Regional Medical Center, and/or the services it renders, and/or personnel it employs and/or sponsors, either in part, or in sum, fall under the helm of Franciscan Health and Wellness Services, Inc., and/or Franciscan Missionaries of Our Lady Health System Clinical Network, LLC, and/or Franciscan Missionaries of Our Lady Health System Holdings, Inc, and/or Franciscan Missionaries of Our Lady Health System Management Services, LLC,  and/or Franciscan Missionaries of Our Lady Health

# EMERGENCY MOTION
## *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                                No.    15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

System, Inc., and/or Franciscan Missionaries of Our Lady Health System Management Services—New Orleans East, LLC.

### 5.18.16 AMENDED PETITION

### FACTS (continued)

11. That each of the aforementioned entities in line item (fact) #10 of this "5.18.16 Amended Petition" are domiciled in Baton Rouge, LA according to the Louisiana Secretary of State public "Business Filings" database located at the following URL: https://coraweb.sos.la.gov/CommercialSearch/CommercialSearch.aspx.(Accessed 12/1/15).

12. That OLOL (entity defined in line item (fact) #9 of this document) is legally responsible for ensuring the proper training of personnel, the establishment of policies and procedures that adhere to federal and state law, policy, and code concerning hospitals and/or healthcare facilities and/or mental health institutions, and ensuring that patient rights (outlined in OLOL documents, U.S. Constitution and law/regulation, and State of LA Constitution and law/regulation) are upheld and not violated.

13. That OLOL failed in regard to the responsibilities outlined in line item (fact #12) of this "5.18.16 Amended Petition" and said failure violated C.C.'s federal and state protected rights.

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS            No.   15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

14. That C.C. was examined by Dr. William "Beau" Clark, East Baton Rouge Parish Coroner, on November 14, 2014.

## 5.18.16 AMENDED PETITION

### FACTS (continued)

15. That the East Baton Rouge Parish Coroner's Office is located in Baton Rouge, LA.

16. That the East Baton Rouge Parish Coroner's Office is a department of the City of Baton Rouge/East Baton Rouge Parish Government domiciled in Baton Rouge, LA.

17. That City of Baton Rouge/East Baton Rouge Parish Government is legally responsible for ensuring the proper training of personnel; the establishment of policies and procedures that adhere to federal and state law, policy, and code concerning its departments which, working in conjunction with hospitals and/or healthcare facilities and/or mental health institutions, operate under the color of law; and ensuring that patient rights (outlined in hospitals and/or healthcare facilities and/or mental health institutions documents, U.S. Constitution and law/regulation, and State of LA Constitution and law/regulation) are upheld and not violated.

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                               No.   15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

18. That the City of Baton Rouge/East Baton Rouge Parish Government failed in regard to the responsibilities outlined in line item (fact #17) of this "5.18.16 Amended Petition" and said failure violated C.C.'s federal and state protected rights.

## 5.18.16 AMENDED PETITION
### FACTS (continued)

19. That the Coroner's Emergency Certificate issued by Dr. Clark was void given his inadherence to the applicable provisions of LA Revised Statute 28:53.

20. That Dr. Clark's actions violated multiple rights afforded to C.C. under both the U.S. and Louisiana constitutions as well as law.

21. That Dr. Clark's signature and commentary are located on a document used by the OLOL and/or the Our Lady of the Lake Physician Group and/or their representatives to continue the involuntarily hospitalize of C.C. contrary to law which violated multiple rights afforded to C.C. under both the U.S. and Louisiana constitutions.

22. That failure of OLOL and/or the Our Lady of the Lake Physician Group to ensure the proper training of personnel, the establishment of policies and procedures that adhere to federal and state law, policy, and code concerning hospitals and/or healthcare facilities and/or mental health institutions, and to ensure that patient rights (outlined in OLOL

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                     No.    15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

22 (Cont'd) documents, U.S. Constitution and law/regulation, and State of LA Constitution and law/regulation) are upheld resulted in C.C. continued detainment contrary to law and the

## 5.18.16 AMENDED PETITION

### FACTS (continued)

22. (contd) violation of multiple rights afforded to C.C under both the U.S. and state of LA constitutions.

23. That C.C. was legally entitled to discharge on November 15, 2014 at 6:31pm.

24. That Dr. William "Beau" Clark's disregard of LA statute and the negligence of the City of Baton Rouge/East Baton Rouge Parish Government, the "OLOL" and/or the Our Lady of the Lake Physician Group and/or their representatives resulted in C.C.'s unlawful detainment. That said actions (and/or lack thereof) violated C.C.'s federal and state constitutional rights, resulted in other constitutional violations and damaged C.C. by ultimately subjecting C.C. to collateral consequences and social stigma—all of which have unduly burdened C.C. and caused her irrecoverable harm.

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS  No.  15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

25. That OLOL unlawfully detained C.C. against her will from November 12, 2014 to December 5, 2014. That said action violated C.C.'s federal and state constitutional rights and resulted in subsequent violations of C.C.'s federal and state protected rights.

## 5.18.16 AMENDED PETITION

### FACTS (continued)

26. That all judgments and orders issued subsequent to November 12, 2014 regarding C.C. were unconstitutional and void on their face. That said judgments and orders which resulted from C.C.'s illegal confinement by OLOL and/or the Our Lady of the Lake Physician Group and/or their representatives, have subjected C.C. to collateral consequences and social stigma—which has unduly burdened C.C. and caused her irrecoverable harm.

27. That between November 12, 2014 and November 14, 2014, Dr. Warren Trask intimidated C.C. and threatened her with forced medication and civil commitment if she did not consent to OLOL and/or the Our Lady of the Lake Physician Group staff contacting her family in spite of his acknowledgment that C.C. had a legal right to decline familial consent.

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                                      No.   15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

28. That Dr. Trask is listed on the "Our Lady of the Lake Physician Group" website as an "Assistant Clinical Professor of Psychiatry with LSU Health Sciences Center and faculty in the LSU-OLOL psychiatry residency program." (Accessed December 2015)

29. That said actions by Dr. Trask violated federal and state constitutional protections and law created with the intent of protecting confined individuals from abuse of power.

### 5.18.16 AMENDED PETITION

### FACTS (continued)

30. That Dr. Warren Trask operated in his professional capacities of an OLOL representative/employee and representative/employee of the "our Lady of the Lake Physician Group and as an "Assistant Clinical Professor of Psychiatry with LSU Health Sciences Center and faculty with the LSU-OLOL psychiatry residency program during his interactions with C.C.

31. That Our Lady of the Lake Physician Group, LLC and the LSU Health Sciences Center have formally established offices in Baton Rouge, LA.

32. That the LSU Health Sciences Center has an "Administrative" office in New Orleans, LA.

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                   No.   15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

33. That the LSU Health Sciences Center falls under the Louisiana State University System which is based in Baton Rouge, LA.

34. That Dr. Warren Trask's actions caused C.C. irrecoverable harm and serves as an example of the repeated pattern of constitutional violation incurred by C.C. at the hands of OLOL and/or the Our Lady of the Lake Physician Group and/or the LSU-OLOL Psychiatry Residency Program and/or those entities' representatives/employees during C.C.'s extended period of unlawful detainment.

## 5.18.16 AMENDED PETITION
### FACTS (continued)

35. That Dr. Melissa Watson informed C.C. that she was the primary physician assigned to her from November 12, 2014 to December 5, 2014.

36. That Dr. Watson is listed on the "Our Lady of the Lake Physician Group" website as an "Assistant Clinical Professor of Psychiatry with LSU Health Sciences Center and faculty in the LSU-OLOL psychiatry residency program." (Accessed December 2015)

37. That Dr. Watson operated in her professional capacities of an OLOL representative/employee and representative/employee of the "our Lady of the Lake

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS　　　　　　　　　　　　　　　　　　　　　　No.　　15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

37. Physician Group and as an "Assistant Clinical Professor of Psychiatry with LSU Health Sciences Center and faculty with the LSU-OLOL psychiatry residency program during her interactions with C.C.

38. That, while unknowingly unlawfully detained against her will, C.C. collected documentation that provided the "collateral documentation" Dr. Watson told her [C.C.] she [Dr. Watson] needed for discharge.

## 5.18.16 AMENDED PETITION
### FACTS (continued)

39. That Dr. Watson stonewalled C.C.'s attempts to be discharged 22 day timeframe in which C.C. was unknowingly illegally detained against her will.

40. That Dr. Watson issued a directive to at least one staff that "this [C.C.] is going to court."

41. That Dr. Watson told C.C. directly that "there was nothing she could do" to prevent her [C.C.'s] matter from going to court.

42. That on November 21, 2014, Dr. Watson told C.C. that her (Dr. Watson's) "real problem" with C.C. was that C.C. declined familial contact.

# EMERGENCY MOTION
# *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID
DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

Page **14 of 21**

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                                     No.   15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

43. That C.C.'s exercised a constitutionally protected right in declining OLOL contact with family.

44. That said actions by Dr. Watson violated federal and state constitutional protections and law created with the intent of protecting confined individuals from abuse of power.

45. That Dr. Carine Nzodum, one of Dr. Watson's residents, knowingly falsified C.C.'s at least one of medical records.

### 5.18.16 AMENDED PETITION
### FACTS (continued)

46. That Dr. Nzodum, a resident with the Louisiana State University (LSU) Health Sciences Center's "LSU-Our Lady of the Lake Psychology Residency Program," operated in the capacity of an OLOL employee/representative and/or Our Lady of the Lake Physician's Group representative and/or LSU-OLOL Psychiatry Resident during her meetings with C.C.

47. That the LSU Health Sciences Center's "LSU-Our Lady of the Lake Psychiatry Residency Program" has a formally established presence in Baton Rouge, LA.

# EMERGENCY MOTION
## *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                  No.    15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

48. That Dr. Sudherra Rachamallu knowingly falsified at least one of C.C.'s medical records.

49. That Dr. Rachamallu is listed on the "Our Lady of the Lake Physician Group" website as an "Assistant Clinical Professor of Psychiatry with LSU Health Services Center and faculty in the LSU-OLOL psychiatry residency program." (Accessed December 2015)

50. That Dr. Rachamallu operated in her professional capacities of an OLOL representative/employee and representative/employee of the "our Lady of the Lake Physician Group and as an "Assistant Clinical Professor of Psychiatry with LSU Health

## 5.18.16 AMENDED PETITION
### FACTS (continued)

50. (contd)Sciences Center and faculty with the LSU-OLOL psychiatry residency program during her interactions with C.C.

51. That the actions (or lack thereof) of OLOL, the Our Lady of the lake Physican's Group, the City of Baton Rouge/East Baton Rouge Parish Government, and their employees/representatives, collectively and individually, violated C.C.'s federal and state protected constitutional rights and/or resulted in said violations (or subsequent violations) occurring. That said egregious actions (or lack thereof) have unquestionably damaged C.C and caused C.C. irrecoverable harm.

# EMERGENCY MOTION
## *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

**U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**
**BATON ROUGE, LA**

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS  No.  15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

## 5.18.16 AMENDED PETITION

Candice Craig Civil Suit Filing v. OLOL and other Defendants

**PRAYERS FOR RELIEF (REQUESTS OF COURT)**

(1) Damages of $425,000,000 from OLOL (as the collective defined in the 5.18.16 Amended Petition Facts), the Our Lady of the Lake Physician's Group, individuals named, the East Baton Rouge Parish Coroner's Office, and the City of Baton Rouge, East Baton Rouge Parish Government

(2) Trial by Jury

# EMERGENCY MOTION
# *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                           No.    15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

(3) Closed/Sealed Court Proceedings

(4) Appointment of Counsel given my indigent/pauper status and the fact that this matter involves severe constitutional violations that are of public importance by private and public institutions charged with the care of thousands of persons annually

(5) Attorneys Fees

### 5.18.16 AMENDED PETITION
### PRAYERS FOR RELIEF (REQUESTS OF COURT)(continued)

(6) That the plaintiff receive an order from this Court mandating that OLOL and the Our Lady of the Lake Physician's Group issue the Plaintiff (Candice Craig) an electronic record (i.e. CD(s) or DVD(s)) containing legible copies of all physical files, electronic records, and physician's notes that exist for her November 12, 2014 to December 5, 2014 hospitalization within 10 business days of receipt by the "patient records" department of OLOL and/or the Our Lady of the Lake Physician's Group). Said issuance shall be inclusive of a statement from those entities indicating that the Plaintiff's full and

# EMERGENCY MOTION
## *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

Page **18** of **21**

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                                          No.   15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

complete record has been remitted and similarly the issuance should be properly labeled and organized for a layman's review).

(7) Expungement and Permanent Seal of all OLOL and Our Lady of the Lady Physician's Group Medical related to the Plaintiff's hospitalization from November 12, 2014 to December 5, 2015.

(8) Dismissal/Voiding/Nullification of all emergency certificates, judicial orders and decisions associated with the Plaintiff's "involuntary" hospitalization and subsequent commitment. This includes, but is not limited to corrective measures (corrective reporting) for all associated (legally mandated) reporting to state and federal entities regarding "involuntary hospitalization" and/or "involuntary commitment."

### 5.18.16 AMENDED PETITION
### PRAYERS FOR RELIEF (REQUESTS OF COURT)(continued)

(9) Permanent Revocation of the medical licenses of all doctors named with a minimum 10 year suspension for any doctor this court believes actions warrant lesser penalty

# EMERGENCY MOTION
## *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

Page 19 of 21

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS    No.    15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**

(10) Federal investigation into the practices and procedures that govern the intake and processing of OLOL's and/or the Lady of the Lake Physician's Group and the City of Baton Rouge/East Baton Rouge Coroner's Office review of "involuntarily hospitalized" psychiatric patients so that adequate due process safeguards are established and implemented

(11) Federal review of all current and prior involuntarily hospitalized and commitment patient files for all medical professionals (Doctors) listed as defendants, with expedited processing for those currently committed or involuntarily hospitalized.

### 5.18.16 AMENDED PETITION
### PRAYERS FOR RELIEF (REQUESTS OF COURT)(continued)

(12) Federal ruling on the constitutionality of LA Revised Statute 28:53 in light of the fact that it fails to require an independent review of the 2nd emergency certificate which extends a patient's detainment from 3 days to 15 days.

# EMERGENCY MOTION
## *Expedited Processing Sought*

EMERGENCY MOTION TO AMEND 12/2/15 PETITION (COMPLAINT) AND INCLUDE SAID DOCUMENT IN PROCESS OF SERVICE ISSUANCE

5/18/16

U.S. DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE, LA

CIVIL ACTION

Candice Craig

**PLAINTIFF(S)**

VERSUS                                                 No. 15-814-JWD-RLB

Our Lady of the Lake Regional Medical Center and Multiple Other Defendants

**DEFENDANT(S)**   5.18.16 Amended Petition
PRAYERS FOR RELIEF (REQUESTS of court) (Continued)

(13) Federal ruling on the constitutionality of LA Revised Statute 28:54 in light of the fact that, as written, all petitions for judicial commitments are automatically granted with a subsequent (and narrow) probable cause review occurring following the scheduling of a judicial commitment hearing

(14) Federal opinion on the minimal procedural safeguards necessary for an adequate probable cause review

(15) Retainment of Pauper status for the duration of proceedings, to include any appeals necessary and a request that no costs be assessed to me regardless of this proceeding's outcome

---

5/18/16 "Emergency Motion to Amend 12/2/15 Petition
**ORDER** (complaint) & Include said document
page 1 of 2    in process of service issuance"

IT IS ORDERED that Plaintiff Candice Craig's filing of an amended petition (complaint) be formally acknowledged by the court.

IT IS ORDERED that request that the aforementioned "Amended Petition" (pgs. 3 to 19) of this Emergency Motion dated 5.18.16) be included in the "citation and service of process" issuance, once following the Plaintiff's formal request that service of process pursuant to Federal Rules of Civil Procedure Rule 4 "Summons" occur.