UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CANDICE CRAIG                                                    CIVIL ACTION

VERSUS

OUR LADY OF THE LAKE                                   NO.: 15-00814-BAJ-RLB
REGIONAL MEDICAL CENTER

RULING AND ORDER

Before the Court is the **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted (Doc. 35)** filed by Defendants Our Lady of the Lake Hospital, Inc. d/b/a Our Lady of the Lake Regional Medical Center; Our Lady of the Lake Physician Group, LLC; Franciscan Missionaries of Our Lady Health System; Dr. Melissa Watson; Dr. Warren Trask; and Dr. Sudheera Rachamallu. Defendants seek an order from this Court dismissing Plaintiff's claims, which relate to Plaintiff's involuntary admission to Our Lady of the Lake Regional Medical Center in Baton Rouge, Louisiana. Specifically, Defendants argue that Plaintiff's claims are premature because Plaintiff has failed to submit her claims to a medical review panel as required under Louisiana Revised Statutes section 40:1231.8(B)(1)(a)(i). Plaintiff, who is proceeding *pro se*, failed to file a timely memorandum in opposition to the Motion. For the reasons explained herein, Defendants' **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted (Doc. 35)** is GRANTED.

1

## I. BACKGROUND

During the period between November 12 and December 5, 2014, Plaintiff alleges that she was involuntarily hospitalized at Our Lady of the Lake Regional Medical Center ("OLOL") in Baton Rouge, Louisiana, in violation of multiple state and federal constitutional provisions and various state and federal statutes.[1] (Doc. 22 at ¶ 25). Plaintiff has filed suit against twenty-two Defendants, seeking $425,000,000 in damages and nine distinct forms of injunctive relief. (*See id.* at pp. 14-18).

In her Amended Complaint, Plaintiff alleges that Our Lady of the Lake Hospital, Inc. d/b/a Our Lady of the Lake Regional Medical Center; Our Lady of the Lake Physician Group, LLC; Franciscan Missionaries of Our Lady Health System (collectively, "OLOL Defendants") violated her "federal and state protected rights" because the entities (1) "involuntarily hospitalize[d] [Plaintiff] contrary to law," (2) failed to "proper[ly] train[] . . . personnel, (3) failed to "establish[] . . . policies and procedures that adhere to federal and state law, and (4) failed to "ensur[e] that patient rights . . . are upheld and not violated." (*Id.* at ¶¶ 12-13). Regarding the individual physicians who have brought this Motion (collectively, "Physician Defendants"), Plaintiff alleges that Dr. Melissa Watson ("Dr. Watson") withheld documents from Plaintiff, "stonewalled [Plaintiff]'s attempts to be discharged," and made certain comments regarding Plaintiff's decision to prohibit persons associated

---

[1] Plaintiff asserts that Defendants violated her First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, Fourteenth, and Nineteenth Amendment rights under the United States Constitution; her rights under sections 1, 2, 3, 5, 6, 7, 12, 13, 19, 20, 22, and 24 of article I of the Louisiana Constitution; 42 U.S.C. § 1983; and title 28 of the Louisiana Revised Statutes.

with OLOL from contacting her family, thereby violating Plaintiff's "federal and state constitutional protections and law[s] created with the intent of protecting confined individuals from abuse of power." (*Id.* at ¶¶ 38-44). According to Plaintiff, Dr. Warren Trask ("Dr. Trask") "intimidated [her] with forced medication and civil commitment if she did not consent to OLOL . . . contacting her family[,] in spite of his acknowledgment that [Plaintiff] has a legal right to decline familial consent." (*Id.* at ¶ 27). Further, Plaintiff asserts that Dr. Sudheera Rachamallu ("Dr. Rachamallu") "knowingly falsified at least one of [Plaintiff]'s medical records." (*Id.* at ¶ 48).

## II.  LEGAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims of immunity also may be raised in a Rule 12(b)(6) motion to dismiss. *See Brown v. Miller*, 519 F.3d 231 (5th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Thus, a complaint need not set out "detailed factual allegations," but a complaint must contain something more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and therefore "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Although a "*pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true," a *pro se* plaintiff nevertheless must plead sufficient factual matter that supports her claim to relief in order to survive a Rule 12(b)(6) motion to dismiss. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Id.*

Under Rule 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the [C]ourt lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668

4

F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The Court may dismiss an action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). When analyzing whether it lacks subject-matter jurisdiction over a claim, the Court utilizes the same standard that it applies to a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

### III.  DISCUSSION

The Court finds that Plaintiff has failed to exhaust the requisite state administrative remedies before filing this suit, and therefore Plaintiff's suit shall be dismissed as premature because the Court lacks subject-matter jurisdiction over this matter.

Pursuant to Louisiana Revised Statutes section 40:1231.8(B)(1)(a)(i), a plaintiff may not bring a malpractice "action against a health care provider . . . in any court before the claimant's proposed complaint has been presented to a medical review panel." La. Rev. Stat. § 40:1231.8(B)(1)(a)(i). "Malpractice," under the statute, consists of "any unintentional tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions . . . in the training or supervision of health care providers." *Id.* § 40:1231.1(A)(13). A "health care provider," under the statute, is "a person, partnership, limited liability partnership, limited liability company,

corporation, facility, or institution licensed or certified by this state to provide health care or professional services as a physician [or] hospital." *Id.* §40:1231.1(A)(10). When a person is admitted involuntarily to a treatment facility pursuant to an emergency certificate, Louisiana law – often referred to as the "Mental Health Law" – requires physicians and medical facilities to undertake certain procedural measures both before and after a person is committed to the treatment facility. *See id.* § 28:53; *see also Prisk v. Palazzo*, 95-1475, p. 6 (La. App. 4 Cir. 1/19/96); 668 So. 2d 415, 418 ("[T]he Mental Health Law imposes special duties on physicians and hospitals before confining a patient for treatment.") The special requirements that are imposed on physicians and medical facilities by the Mental Health Law "are the standards [that] physicians and hospitals must adhere to in the initial stages of treatment. . . . [A]ny breach of that standard of care is medical malpractice as defined in [Louisiana Revised Statutes section 40:1231.1(A)(13)]," even if the tort alleged by a plaintiff customarily is considered an intentional tort, such as false imprisonment. *Prisk*, 95-1475, at pp. 6-7; 668 So. 2d at 418.

Plaintiff's claims asserted against the OLOL Defendants, which essentially amount to claims of false imprisonment and the failure to train and supervise its employees to respect the constitutional and statutory rights of patients, fall within the definition of "malpractice" as that term is defined by statute and has been interpreted by Louisiana courts. *See* La. Rev. Stat. § 40:1231.1(A)(13); *Prisk*, 95-1475, at pp. 6-7; 668 So. 2d at 418. Thus, those claims must be submitted to a medical review panel before Plaintiff may bring suit in this Court based on those claims. *See*

La. Rev. Stat. § 40:1231.8(B)(1)(a)(i). Plaintiff's claims against the Physician Defendants center on the alleged noncompliance of the physicians' conduct with the Mental Health Law. Plaintiff alleges, in essence, that Dr. Watson impeded Plaintiff from obtaining a discharge, Dr. Trask attempted to administer medication to Plaintiff without her consent, and Dr. Rachamallu falsified Plaintiff's medical records;[2] these allegations relate to the standard of care that is prescribed by the Mental Health Law. *See id.* § 28.53(I) (relating to information that must be provided to patients regarding the "procedures of requesting release from [a] treatment facility" and the "rules and regulations applicable to or concerning h[er] conduct while a patient in the treatment facility"); *id.* § 28:53(K)(1)(a) (relating to the nonconsensual administration of medication); *id.* § 28:53(K)(1)(a), (c) (relating to instances in which physicians must record various details in a patient's file). Therefore, the claims that Plaintiff asserts against the Physician Defendants also constitute claims for "malpractice" as that term has been construed by Louisiana courts, and those claims also must be submitted to a medical review panel before Plaintiff may bring suit in this Court based on those claims. *See id.* § 40:1231.8(B)(1)(a)(i); *Prisk*, 95-1475, at pp. 6-7; 668 So. 2d at 418.

---

[2] Plaintiff alleges in her Amended Complaint that Dr. Rachamallu "knowingly falsified at least one of [Plaintiff]'s medical records." (Doc. 22 at ¶ 48). This is the full extent of Plaintiff's allegation; she offers no factual assertions to support this claim or to elucidate which of her medical records allegedly was falsified, and this Motion is unopposed.

IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted (Doc. 35)** filed by Defendants Our Lady of the Lake Hospital, Inc. d/b/a Our Lady of the Lake Regional Medical Center; Our Lady of the Lake Physician Group, LLC; Franciscan Missionaries of Our Lady Health System; Dr. Melissa Watson; Dr. Warren Trask; and Dr. Sudheera Rachamallu is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants **Our Lady of the Lake Hospital, Inc. d/b/a Our Lady of the Lake Regional Medical Center; Our Lady of the Lake Physician Group, LLC; Franciscan Missionaries of Our Lady Health System; Dr. Melissa Watson; Dr. Warren Trask; and Dr. Sudheera Rachamallu** are **DISMISSED WITHOUT PREJUDICE**. The claims are premature because Plaintiff has not submitted them for review by a medical review panel, as required by Louisiana Revised Statutes section 40:1231.8(B)(1)(a)(i), and therefore the Court lacks subject-matter jurisdiction over the claims.

Baton Rouge, Louisiana, this 22nd day of March, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

8