UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CANDICE CRAIG                                                    CIVIL ACTION

VERSUS

OUR LADY OF THE LAKE                          NO.: 15-00814-BAJ-RLB
REGIONAL MEDICAL CENTER

RULING AND ORDER

Before the Court is the **Rule 56 Motion for Summary Judgment (Doc. 36)**
filed by Defendants Franciscan Missionaries of Our Lady Health System
Management Services, LLC; Franciscan Health and Wellness Services, Inc.;
Franciscan Missionaries of Our Lady Health System Clinical Network, LLC;
Franciscan Missionaries of Our Lady Health System Holdings, Inc.; and Franciscan
Missionaries of Our Lady Heath System Management Services – New Orleans East,
LLC (collectively, "the Franciscan Defendants"). The Franciscan Defendants seek an
order from this Court granting summary judgment in their favor on Plainitff's claims,
which relate to Plaintiff's involuntary admission to Our Lady of the Lake Regional
Medical Center in Baton Rouge, Louisiana. Specifically, the Franciscan Defendants
argue that they had no involvement in the circumstances giving rise to Plaintiff's
claims. Plaintiff, who is proceeding *pro se*, failed to file a timely memorandum in
opposition to the Motion. For the reasons explained herein, the Franciscan
Defendants' **Rule 56 Motion for Summary Judgment (Doc. 36)** is **GRANTED**.

1

## I.    BACKGROUND[1]

During the period between November 12 and December 5, 2014, Plaintiff alleges that she was involuntarily hospitalized at Our Lady of the Lake Regional Medical Center ("OLOL") in Baton Rouge, Louisiana, in violation of multiple state and federal constitutional provisions and various state and federal statutes.[2]  (Doc. 22 at ¶ 25).   Plaintiff has filed suit against twenty-two Defendants, seeking $425,000,000 in damages and nine distinct forms of injunctive relief.  (*See id.* at pp. 14-18).

In her Amended Complaint, Plaintiff states that "Our Lady of the Lake Regional Medical Center, and/or the services it renders, and/or [the] personnel it employs and/or sponsors, either in part . . . or in sum, fall under the helm" of the Franciscan Defendants.  (*Id.* at ¶ 10).  This is the only mention of the Franciscan Defendants in the entirety of Plaintiff's Amended Complaint.  (*See id.*).   The Franciscan Defendants, however, have no governing authority over OLOL and had no involvement in the creation or implementation of the policies and procedures related to the care provided to Plaintiff during her involuntary hospitalization at OLOL.  The Franciscan Defendants provide no direct care to medical patients and

_____

[1] The facts recounted in this section are derived from the Statement of Material Facts as to Which There Are No Genuine Issues to Be Tried (Doc. 36-8) filed by the Franciscan Defendants in connection with their Motion for Summary Judgment.  Because Plaintiff did not oppose the Motion, the Court accepts as undisputed the facts stated by the Franciscan Defendants.  *See Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988).  All other facts recounted in this section are accompanied by corresponding record citations.

[2] Plaintiff asserts that Defendants violated her First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, Fourteenth, and Nineteenth Amendment rights under the United States Constitution; her rights under sections 1, 2, 3, 5, 6, 7, 12, 13, 19, 20, 22, and 24 of article I of the Louisiana Constitution; 42 U.S.C. § 1983; and title 28 of the Louisiana Revised Statutes.

did not provide any medical care to Plaintiff during the time in which she was involuntarily hospitalized at OLOL, nor did the Franciscan Defendants have any involvement with the execution of the legal documents that resulted in Plaintiff's involuntary hospitalization.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record [–] including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" – or by averring that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). When the non-movant fails to file a memorandum in opposition to a motion for summary judgment, a court may accept as undisputed the facts that the movant submits in support of its motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the non-movant fails to file a memorandum in opposition to a motion for summary judgment, a court may grant the motion if the movant's "submittals ma[k]e a *prima facie* showing of its entitlement to judgment." *Eversley*, 843 F.2d at 174 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson*, 477 U.S. 242; *Celotex*, 477 U.S. 317).

## III.   DISCUSSION

The Court finds that the facts submitted by the Franciscan Defendants in support of their Motion make out a "*prima facie* showing of [their] entitlement to judgment" and that, given the lack of opposition by Plaintiff, Defendant is entitled to summary judgment on Plaintiff's claims.  *Id.*  The Franciscan Defendants have demonstrated that they had no involvement in any of the circumstances giving rise to Plaintiffs claims.

Plaintiff has not opposed the Motion, and Plaintiff therefore has not put forth any facts to dispute the lack of involvement of the Franciscan Defendants and, consequently, has failed to "show[] that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.  Therefore, the Court finds that Defendant is entitled to summary judgment. *Eversley*, 843 F.2d at 174.

4

IV.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the **Rule 56 Motion for Summary Judgment (Doc. 36)** filed by Defendants Franciscan Missionaries of Our Lady Health System Management Services, LLC; Franciscan Health and Wellness Services, Inc.; Franciscan Missionaries of Our Lady Health System Clinical Network, LLC; Franciscan Missionaries of Our Lady Health System Holdings, Inc.; and Franciscan Missionaries of Our Lady Heath System Management Services – New Orleans East, LLC, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants **Franciscan Missionaries of Our Lady Health System Management Services, LLC**; **Franciscan Health and Wellness Services, Inc.**; **Franciscan Missionaries of Our Lady Health System Clinical Network, LLC**; **Franciscan Missionaries of Our Lady Health System Holdings, Inc.**; **and Franciscan Missionaries of Our Lady Heath System Management Services – New Orleans East, LLC**, are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 22nd day of March, 2017.

_____

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**