UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CANDICE CRAIG                                                    CIVIL ACTION

VERSUS

OUR LADY OF THE LAKE                                   NO.: 15-00814-BAJ-RLB
REGIONAL MEDICAL CENTER

### RULING AND ORDER

Before the Court is the **Rule 12 (b) (6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted (Doc. 37)** filed by Defendants Dr. William "Beau" Clark, East Baton Rouge Parish Coroner's Office, and the City of Baton Rouge/Parish of East Baton Rouge. Defendants seek an order from this Court dismissing Plaintiff's claims, which relate to Plaintiff's involuntary admission to Our Lady of the Lake Regional Medical Center in Baton Rouge, Louisiana. Specifically, Defendants argue that Plaintiff has failed to plead any facts to support a plausible claim against the City of Baton Rouge/Parish of East Baton Rouge and that Dr. William "Beau" Clark and the East Baton Rouge Parish Coroner's Office are entitled to immunity under state law. Plaintiff, who is proceeding *pro se*, failed to file a timely memorandum in opposition to the Motion. For the reasons explained herein, Defendants' **Rule 12 (b) (6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted (Doc. 37)** is GRANTED.

## I. BACKGROUND

During the period between November 12 and December 5, 2014, Plaintiff alleges that she was involuntarily hospitalized at Our Lady of the Lake Regional Medical Center ("OLOL") in Baton Rouge, Louisiana, in violation of multiple state and federal constitutional provisions and various state and federal statutes.[1] (Doc. 22 at ¶ 25). Plaintiff has filed suit against twenty-two Defendants, seeking $425,000,000 in damages and nine distinct forms of injunctive relief. (*See id.* at pp. 14-18).

In her Amended Complaint, Plaintiff states that the

> City of Baton Rouge/East Baton Rouge Parish Government is legally responsible for ensuring the proper training of personnel; the establishment of policies and procedures that adhere to federal and state law, policy, and code concerning its departments which, working in conjunction with hospitals and/or healthcare facilities and/or mental health institutions, operate under the color of law; and ensuring that patient rights (outlined in hospitals and/or healthcare facilities and/or mental health institutions documents, [the] U.S. Constitution and [federal] law[s]/regulation[s], and [the Louisiana] Constitution and [Louisiana] law[s]/regulation[s]) are upheld and not violated. (*Id.* at ¶ 17).

Plaintiff further states that the "City of Baton Rouge/East Baton Rouge Parish Government failed in regard to [these] responsibilities" and that "said failure violated [Plaintiff]'s federal and state protected rights." (*Id.* at ¶ 18). Plaintiff makes no further allegations involving Defendant City of Baton Rouge/Parish of East Baton Rouge ("City/Parish Government") in her Amended Complaint. (*See id.*).

---

[1] Plaintiff asserts that Defendants violated her First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, Fourteenth, and Nineteenth Amendment rights under the United States Constitution; her rights under sections 1, 2, 3, 5, 6, 7, 12, 13, 19, 20, 22, and 24 of article I of the Louisiana Constitution; 42 U.S.C. § 1983; and title 28 of the Louisiana Revised Statutes.

Regarding the East Baton Rouge Parish Coroner's Office ("EBRP Corner's Office"), Plaintiff merely states in her Amended Complaint that the EBRP Corner's Office "is located in Baton Rouge, L[ousiaina]" and "is a department of" the EBR City/Parish Government, which is "domiciled in Baton Rouge, L[ouisiana]." (*Id.* at ¶ 15-16).

Plaintiff also alleges that she "was examined by Dr. William "Beau" Clark, East Baton Rouge Parish Coroner, on November 12, 2014." (*Id.* at ¶ 14). Dr. William "Beau" Clark ("Dr. Clark") allegedly issued a "Coroner's Emergency Certificate," which was "used by [OLOL] to continue to involuntarily hospitalize [Plaintiff] contrary to law . . . violat[ing] multiple rights afforded to Plaintiff under both the [United States] and Louisiana constitutions." (*Id.* at ¶ 21). Plaintiff avers that "Dr. Clark's actions violated multiple rights afforded to [her] under both the [United States] and Louisiana constitutions[,] as well as law," and that the "Coroner's Emergency Certificate issued by Dr. Clark was void given his inadherence to the applicable provisions of L[ouisiana] Revised Statute[s] [section] 28:53." (*Id.* at ¶¶ 19-20).

## II. LEGAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims of immunity also may be raised in a Rule 12(b)(6) motion to dismiss. *See Brown v. Miller*, 519 F.3d 231 (5th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Thus, a complaint need not set out "detailed factual allegations," but a complaint must contain something more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and

therefore "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Although a "*pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true," a *pro se* plaintiff nevertheless must plead sufficient factual matter that supports her claim to relief in order to survive a Rule 12(b)(6) motion to dismiss. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Id.*

### III. DISCUSSION

The Court finds that Plaintiff has not pleaded sufficient factual material to support her claims to relief, and therefore Plaintiff's Amended Complaint cannot survive Defendants' Rule 12(b)(6) motion to dismiss.

Regarding the City/Parish Government, Plaintiff merely alleges that it failed to (1) train or supervise its subordinate agencies and employees, (2) implement policies in accordance with the Constitution, and (3) ensure that the constitutional rights of medical patients are not violated. (*Id.* at ¶ 17-18). Plaintiff sets forth *no* factual assertions to support these allegations, and therefore these allegations are "mere conclusory statements" that do not suffice to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. Similarly, Plaintiff pleads no facts to support a cause

of action against the EBR Coroner's Office; Plaintiff merely states that it is a "department" of the City/Parish Government. (*Id.* at ¶ 16).

In reference to Dr. Clark, Plaintiff simply alleges that he did not "[]adhere[] to the applicable provisions" of Louisiana Revised Statutes section 28:53 in issuing the Coroner's Emergency Certificate, without pleading *how* Dr. Clark allegedly violated the state statute. This is a "mere conclusory statement[]," and thus Plaintiff's allegations do not suffice to survive Defendant's Rule 12(b)(6) motion to dismiss.[2]

Therefore, even construing Plaintiff's Amended Complaint liberally, she has failed to plead "facts giving rise to a claim on which relief may be granted," and her claims against Defendants are dismissed. *Johnson*, 999 F.2d at 100.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the **Rule 12 (b) (6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted (Doc. 37)** filed by Defendants Dr. William "Beau" Clark, East Baton Rouge Parish Coroner's Office, and the City of Baton Rouge/Parish of East Baton Rouge is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants **Dr. William "Beau" Clark**, **East Baton Rouge Parish Coroner's Office**, and the

---

[2] In any event, Dr. Clark is entitled to immunity from suit pursuant to Louisiana Revised Statutes section 13:5713(L)(1), insofar as Plaintiff has not set forth any facts to suggest that Dr. Clark acted in a manner that constituted "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." La. Rev. Stat. § 13:5713(L)(2)(b).

City of Baton Rouge/Parish of East Baton Rouge are DISMISSED WITH PREJUDICE.

Baton Rouge, Louisiana, this 22nd day of March, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA