UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| CANDICE CRAIG | CIVIL ACTION |
|---|---|
| VERSUS | |
| OUR LADY OF THE LAKE REGIONAL MEDICAL CENTER, ET AL. | NO.: 15-00814-BAJ-RLB |

### RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 38)** filed by Dr. Carine Nzodum, Dr. Myra Fernando, Louisiana State University System ("LSU System"), and Louisiana State University Our Lady of the Lake Psychiatry Residency Program ("LSU Psychiatry"), and the **Motion to Dismiss (Doc. 50)** filed by Louisiana State University Health Sciences Center ("LSU-HSC"). Plaintiff failed to file memoranda in opposition. Also before the Court are numerous **Motions For Extension of the Time to File an Appeal of the Court's Denial of Appointment of Counsel (Docs. 42, 51, 59, 64-66)** and numerous **Motions to Seal (Docs. 43, 49, 51-53, 57-66)**. For the following reasons, the **Motions to Dismiss (Docs. 38 and 50) are GRANTED**, and the **Motions for Extension of Time to Appeal (Docs. 42, 51, 59, 64-66)** and the **Motions to Seal (Docs. 43, 49, 51-53, 57-66) are DENIED.**[1]

---

[1] To the extent Plaintiff seeks other relief, those motions are denied.

1

I. BACKGROUND

During the period between November 12 and December 5, 2014, Plaintiff alleges that she was involuntarily hospitalized at Our Lady of the Lake Regional Medical Center ("OLOL") in Baton Rouge, Louisiana, in violation of multiple state and federal constitutional provisions and various state and federal statutes. (Doc. 22 at ¶ 25). Plaintiff has filed suit against twenty-two Defendants, seeking $425,000,000 in damages and nine distinct forms of injunctive relief. *Id.* at p. 14-18.

II. LEGAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims of immunity also may be raised in a Rule 12(b)(6) motion to dismiss. *See Brown v. Miller*, 519 F.3d 231 (5th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Although a "pro se complaint is to be construed liberally with all well-pleaded allegations taken as true," a pro se plaintiff nevertheless must plead sufficient factual matter that supports her claim to relief in order to survive a Rule 12(b)(6) motion to dismiss. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Id.*

Under Rule 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the [C]ourt lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

On March 23, 2017, in three separate orders, the Court dismissed Plaintiff's claims against Our Lady of the Lake Hospital, Inc. d/b/a Our Lady of the Lake Regional Medical Center; Our Lady of the Lake Physician Group, LLC; Franciscan Missionaries of Our Lady Health System; Dr. Melissa Watson; Dr. Warren Trask; and Dr. Sudheera Rachamallu (Doc. 54), Franciscan Missionaries of Our Lady Health System Management Services, LLC; Franciscan Health and Wellness Services, Inc.; Franciscan Missionaries of Our Lady Health System Clinical Network, LLC; Franciscan Missionaries of Our Lady Health System Holdings, Inc; and Franciscan Missionaries of Our Lady Health System Management Services - New Orleans East, LLC, (Doc. 55), Dr. William "Beau" Clark, East Baton Rouge Parish Coroner's Office, and the City of Baton Rouge/Parish of East Baton Rouge. (Doc. 56).

## III. DISCUSSION

LSU-HSC, LSU System, and LSU Psychiatry argue that Plaintiff's claims against them should be dismissed because they are entitled to Eleventh Amendment sovereign immunity. (Docs. 38-1, 50-1). The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity, and Louisiana has refused any such waiver. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Moreover, Louisiana has not waived sovereign immunity for suits under 42 U.S.C. § 1983. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Therefore, all claims against state Defendants, LSU-HSC, LSU System, and LSU Psychiatry are dismissed.

Dr. Nzodum and Dr. Fernando also seek to dismiss the claims brought against them in their official capacities. (Doc. 38-1 at p. 3). Under § 1983, liability for a government official sued in his or her official capacity requires proof of: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom." *Quinn v. Guerrero*, 863 F.3d 353, 364 (5th Cir. 2017) (internal citation omitted). Here, Plaintiff failed to adequately allege that there was any official policy or custom that was a moving force behind a constitutional violation. (Docs. 1, 22). Further, she has not alleged that Dr. Nzodum or Dr. Fernando are policymakers. *Id.* Therefore, Plaintiffs official capacity claims against Dr. Nzodum or Dr. Fernando are dismissed.

4

Dr. Nzodum and Dr. Fernando also seek to dismiss the claims brought against them in their individual capacities. (Doc. 38-1 at p. 6-7). Although it is not entirely clear what claims Plaintiff has brought against these two defendants, construing her complaint liberally, it appears that she is alleging that they conspired against her to involuntarily hospitalize her. (Doc. 22). A plaintiff who asserts a conspiracy claim under § 1983 must plead facts beyond bald allegations of a conspiracy. *See Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Here, Plaintiff has not alleged beyond conclusory statements that Dr. Nzodum and Dr. Fernando conspired against her. Plaintiff's claims against Dr. Nzodum and Dr. Fernando are dismissed. (Docs. 1, 22). Finally, to the extent that Plaintiff seeks to bring state law claims against Dr. Nzodum and Dr. Fernando, the court declines to exercise supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c).

Plaintiff has also filed numerous Motions to Seal, in which she seeks to seal the entirety of the instant case and various filings. (Docs. 43, 49, 51-53, 57-66). The decision to seal a record "must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" *U.S. v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (citing *U.S. v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000). Plaintiff is concerned about the disclosure of certain information to the public, including her health information, her name, her prior place of detention, and details regarding her detention. (Doc. 49). The allegations in the Complaint reference medical facilities, dates, the nature of Plaintiff's alleged detention, and the identities of practitioners that do not amount to protected health

5

care information triggering a need for secrecy and that would justify the sealing of this lawsuit. (*See* Doc. 1, 22). The Motions to Seal are denied.

Finally, Plaintiff has filed numerous Motions for Extension of Time to Appeal, in which she seeks an extension of the time to file an appeal of the Magistrate Judge's denial of her Emergency Motion to Appoint Counsel. (Doc. 21). Under Fed. R. App. P. 4(a)(5), a district court may extend the time file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Here, Plaintiff filed her Motion for Extension of Time to Appeal on October 4, 2015, (Doc. 41), over four months after the order denying appointment of counsel was entered. Plaintiff has not shown excusable neglect or good cause for such an extension. Her Motions for Extension of Time to Appeal are denied.[2]

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 38)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 50)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Dr. Carine Nzodum, Dr. Myra Fernando, Louisiana State University System, Louisiana State

---

[2] Plaintiff's Motion for Reconsideration of the Order Denying Appointment of Counsel does not toll her time to file an extension of the time to appeal because her Motion for Reconsideration was filed outside the 28 day period for motions to alter or amend judgment under Rule 59(e). (*See* Doc. 26); *United States v. Jones*, 362 F. App'x 416, 418 (5th Cir. 2010).

University Our Lady of Lake Psychiatry Residency Program, and Louisiana State University Health Sciences Center are **DISMISSED**.

IT IS FURTHER ORDERED that the **Motion to Stay Proceedings (Doc. 41)** is **DENIED**.

IT IS FURTHER ORDERED that the **Emergency Motion for Extension of Time to File Appeal (Doc. 42)** is **DENIED**.

IT IS FURTHER ORDERED that the **Motion for Leave of Court to Seal Document (Doc. 44)** is **DENIED**.

IT IS FURTHER ORDERED that the **Motion to Correct (Doc. 45)** is **DENIED**.

IT IS FURTHER ORDERED that the **Sealed Motion to Seal Records and Close all Proceedings (Doc. 49)** is **DENIED**.

IT IS FURTHER ORDERED that the **Sealed Supplement to Supplement Motion for Appeal & Request for Hearings (Doc. 51)** is **DENIED**.

IT IS FURTHER ORDERED that the **Sealed Motion to Supplement Motion for Seal (Doc. 52)** is **DENIED**.

IT IS FURTHER ORDERED that the **Motion for Leave to Seal Two January Filings and Associated Prior Filing (Doc. 53)** is **DENIED**.

IT IS FURTHER ORDERED that the **Sealed Motion to Seal the 03/10/2017 MOTION entitled "Supplement to 1/5/2017 and 10/20/2016" and Motion for Seal of Record (Doc. 57)** is **DENIED**.

IT IS FURTHER ORDERED that the **Sealed Motion to Seal the 03/10/2017 Motion in Support of Appeal and Appointment of Counsel** (Doc. 58) is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion Filed with a Request to Seal its Contents; Reversal Request; Request for Appeal Request Ruling; Appointment of Counsel, and Scheduling of Hearing to Address Defendant Motions** (Doc. 59) is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion to Seal Contents** (Doc. 60) is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion to Request for Court Ruling on Seal Requests and Stay of Proceedings** (Doc. 61) is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion to Seal Notice** (Doc. 62) is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion to Seal Contents** (Doc. 63) is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion Filed with a Request to Seal its Contents** (Doc. 64) is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion Filed with a Request to Seal its Contents** (Doc. 65) is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion Filed with a Request to Seal its Contents** (Doc. 66) is DENIED.

IT IS FURTHER ORDERED that the **Sealed Motion Filed with a Request to Seal its Contents (Doc. 67)** is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case.

Baton Rouge, Louisiana, this 22nd day of September, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA